0

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO.: 12-0321 |
| | * | |
| vs. | * | JUDGE: HELEN G. BERRIGAN |
| | * | |
| | * | SECTION 'C' |
| ST. BERNARD PARISH | * | |
| | * | MAG. JUDGE. SALLY SHUSHAN |

**ORDER AND REASONS**[1]

Before this Court is a Motion To Dismiss by Defendant, St. Bernard Parish. (Rec.Doc.20). Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6), and for failure to join a party under Rule 19 pursuant to Rule 12(b)(7). Having considered the memoranda of counsel, the record, and applicable law, the Court DENIES the Motion for the following reasons.

**I. Background**

The United States of America brought this action against St. Bernard Parish, Louisiana, to enforce Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§3601-3631, as amended (known

---

[1]Rebekka Veith, a second-year student at Tulane University Law School, contributed to the research and preparation of this order.

as the "Fair Housing Act," or the "FHA"). (Rec.Doc.1 ¶ 1).  The United States specifically brings this claim under 42 U.S.C. § 3614(a), which authorizes the Attorney General to "commence a civil action in any appropriate United States District Court" when the Attorney general "has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by [the Fair Housing Act] . . . or that any group of persons has been denied any of [these] rights"  42 U.S.C. 3614 (a).

In its Complaint, the United States alleges that St. Bernard Parish engaged in a "pattern or practice" of discriminatory conduct that made unavailable or denied housing to African-Americans in the Parish. (Rec.Doc.1 ¶ 7).  The Government cites various actions by the Parish, such as a moratorium on the "re-establishment or development" of multi-family housing, a moratorium on the rental of single-family homes with an exception that permitted a homeowner to rent only to persons "related by blood," and an ordinance that required a permit-approval process for the rental of single family homes (the "PUP ordinance"). (Rec.Doc.1 at ¶¶ 14, 18, 21, 29-31).  These actions, according the Government, disproportionately disadvantaged African-Americans seeking to rent housing in St. Bernard Parish (See, e.g., Rec.Doc.1 at ¶¶ 17, 19, 22, 27, 33).  The Government cites, for example, statistics that show that in the New Orleans area, African-Americans households are twice as white households to live in rental housing. (Rec.Doc. 1 at ¶ 16).

The Government asserts that "[t]here are victims of the Parish's discriminatory conduct or actions that are aggrieved persons within the meaning of 42 U.S.C. § 3614(d)(1)(B)." (Rec.Doc.1 at ¶64). An aggrieved person, as defined by 42 U.S.C. §3602(i), is any person who either "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured

2

by a discriminatory practice that is about to occur." A person who is aggrieved within the meaning of 42 U.S.C. §3614(d)(1)(B) may recover monetary damages if a court deems them appropriate.

This Court previously issued a Consent Order enjoining St. Bernard Parish from violating the terms of the Fair Housing Act. (Civil Action No. 06-7185, Rec. Doc. 114). The Consent Order was issued pursuant to Fair Housing Act violation claims brought against the Parish by the Greater New Orleans Fair Housing Council ("GNOFHAC") and Provident Realty Advisors, Inc. ("Provident"). St. Bernard Parish has since repealed its moratorium on multi-family housing construction and the "related by blood" rental exception. (Rec.Doc. 1 at ¶ 28). A zoning ordinance that was enacted subsequent to the Consent Order and that restricted new multi-family dwellings to only one zone of the Parish ("Comprehensive Revisions" or "CZO revisions") has also since been repealed. (Rec.Doc. 1 at ¶¶ 39, 43).

In its Motion to Dismiss and attached memorandum, St. Bernard Parish alleges that the United States' claims must be dismissed because the Government lacks standing to pursue its claims, some of the claims are moot, the Government fails to allege "enough facts" in order to identify persons to whom relief could be granted, and the United States failed to join parties who must be joined under Federal Rule of Civil Procedure 19.

## II. Law and Analysis

St. Bernard Parish asserts that the Government's complaint must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim on which relief can be granted under Rule 12(b)(6), and for failure to join a party under Rule 19, which is grounds for a Rule 12(b)(7) dismissal. Each alleged cause for dismissal is addressed individually below.

**Rule 12(b)(1)**

Motions submitted under Rule 12 (b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "[N]o presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and the court can decide disputed issues of material fact in order to determine whether or not it has the jurisdiction to hear the case." *Montez v. Department of Navy*, 392 F.3d 147, 149 (5th Cir.2004).

St. Bernard Parish first asserts that this Court does not have subject matter jurisdiction over claims relating to GNOFHAC and Provident because the Government "lacks standing" to bring these claims under 42 U.S.C. § 3610(g)(4). (Rec.Doc.20-1 at 1-2).  Under 3610(g)(4), "the Secretary may not issue a charge [under § 3610] regarding an alleged discriminatory housing practice after the beginning of the trial of a civil action commenced by the aggrieved party under an Act of Congress or a State law, seeking relief with respect to that discriminatory housing practice." 42 U.S.C. § 3610(g)(4).  The Parish notes that the Housing and Urban Development Secretary referred this potentially discriminatory housing practice to the Attorney General on January 20, 2012, and that this charge was improper because GNOFHAC and Provident had already commenced suit for alleged discrimination against the Parish under the FHA. (Rec.Doc. 20-1 at 2).   The Parish also asserts that GNOFHAC and Provident are the only parties potentially aggrieved by the ordinances and revisions regarding multi-family housing.  (Rec.Doc. 20-1 at 10).

While it is true that the HUD Secretary may not "issue a charge" after an aggrieved party has commenced an action seeking relief for discriminatory housing, the plain language of 3610(g) shows that such a charge refers to proceedings that might take place under 42 U.S.C. §3612, not

4

§3614.  42 U.S.C. §3610(g)(2)(A).[2]  Thus, while the HUD Secretary is barred from taking any action under 3612 if a civil action has already commenced, the Secretary is not barred from referring a case to the Attorney General under 3614, which is what has happened in this case.

The Parish also asserts that any claims relating to the CZO revisions are moot, and thus that this Court lacks the subject matter jurisdiction to hear them. (Rec.Doc.20-1 at 2).  The Parish notes that the CZO revisions, which eliminate multi-family housing as a permitted use in four housing zones, and totally eliminated another zone that permitted multi-family housing, were rescinded in 2011. (Rec.Doc.1 at ¶ 38, Rec.Doc.20-1 at 11).

A case is moot when it "no longer present[s] a case or controversy under Article III, §2, of the [United States] Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Mootness occurs when a plaintiff has not "suffered, or [is not] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  St. Bernard Parish's argument is that because the CZO revisions were rescinded following a motion brought by GNOFHAC and Provident in Civil Action No. 06-7185 (06-7185 Rec.Doc 813), the Government is precluded from bringing claims regarding the CZO revisions because the Government is "in privity" with GNOFHAC and Provident, and their injuries have been redressed. (Rec.Doc. 20-1 at 11).

---

[2]The relevant parts of 3610 state: "If the Secretary determines that reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, the Secretary shall . . . issue a charge on behalf of the aggrieved person, for further proceedings under section 3612 of this title" 42 U.S.C. 3610(g)(2)(A), and

"The Secretary may not issue a charge under this section . . . after the beginning of a trial of a civil action commenced by the aggrieved party" 42 U.S.C 3610(g)(4).

However, GNOFHAC and Provident are not the only parties potentially aggrieved by the ordinances regarding multi-family housing. The Parish seems to argue that a party is aggrieved by such ordinances only if they are a "multi-family developer" who seeks a construction permit. (Rec.Doc. 20-1 at 10). But as the FHA makes clear, an "aggrieved person" is anyone who "claims to have been injured by a discriminatory housing practice; or believes that such person will be injured by a discriminatory practice that is about to occur." 42 U.S.C. §3602(I). Thus, persons seeking to rent a dwelling in a multi-family housing complex, in addition to those seeking to build these complexes, may be harmed by conduct in violation of the FHA. And as the Government's Complaint alleges, the multi-family housing ordinances caused injuries to African-Americans seeking to rent housing in St. Bernard Parish, not just to developers seeking to provide it. (Rec.Doc.1 at ¶ 42).

The Parish also seems to argue that any judgment on the CZO revisions is barred by claim preclusion (or res judicata) because the Government is "in privity" with GNOFHAC and Provident. (Rec.Doc. 20-1 at 11). For a claim to be barred by the doctrine of res judicata, four elements must be present: "1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). The first requirement can also be met "when there is 'privity' between a party to a second case and a party who is bound by an earlier judgment." *Richards v. Jefferson*, 515 U.S. 793, 798 (1996). This argument fails because the United States' claims are different from those of GNOFHAC and Provident, and because the United States is not in privity with these parties.

In this instance, GNOFHAC and Provident previously brought action against St. Bernard Parish under 42 USC § 3604, alleging that the Parish's actions "[made] unavailable or [denied] a rental housing dwelling because of race or national origin." (06-7185 Rec.Doc.1 at 8).  The United States brings its action under 42 USC § 3614, which authorizes the Attorney General to take action to correct a "pattern or practice of discrimination," or when a group of persons has "been denied any of the rights" of the Fair Housing Act.  Moreover, the Government is not in privity with a private individual when it brings claims under §3614.  *See United States v. Billingsley*, 615 F.3d 404, 410 (5th Cir. 2010) (holding that when the Government brings suit under 42 U.S.C. § 3612, the Government is suing of behalf on aggrieved persons and thus remedies are limited to those available to a private person under 42 U.S.C. §3613, but noting that 42 U.S.C. §3614 is different in that under that statute, the Government is suing for a pattern or practice of discrimination, and thus is not confined by the remedies available to private individuals).

Finally, it is worth noting that the Government does not bring separate claims for each of St. Bernard Parish's alleged violations of the Fair Housing Act. (Rec.Doc.1 at ¶ 63).   Instead, it asks for damages and civil penalties pursuant to 42 U.S.C. §3614, alleging a pattern or practice of discrimination, or denial of rights to a group of people, based on various violations of the Fair Housing Act, and lists actions such as the CZO revisions as examples of this discrimination or denial. (Rec.Doc.1 at 13).

**Rule 12(b)(6)**

St. Bernard' Parish's Rule 12(b)(6) basis for its Motion is also meritless.  Rule 12(b)(6) allows defendants to move for expeditious dismissal when a plaintiff fails to state a claim upon

which relief can be granted.  To determine whether a dismissal is appropriate, the Court must decide whether the facts alleged, if true, would entitle the plaintiff to some sort of legal remedy. *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir.2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994).  When considering a complaint, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Central Laborers' Pension Fund v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir.2007) (citations omitted).

St. Bernard Parish alleges that the Government's complaint does not contain "enough facts" to identify any aggrieved persons who were harmed by the alleged Fair Housing Act violations. (Rec.Doc.20-1 at 14).  The Parish seems to assert that relief can be granted only if specific individuals who have been harmed by alleged discrimination are identified. (See *Id.*). But what §3614 requires in order for the Government to bring an action  is that "any group of persons has been denied any of the rights granted by [Subchapter 1 of the Fair Housing Act]."  42 U.S.C. §3614(a).  The Government meets this requirement when, for example, it alleges more than once that "African-Americans seeking to rent housing in St. Bernard Parish" were harmed by the Parish's actions. (Rec.Doc.1 ¶¶ 17, 19, 22, 27, 33, 42).   African-Americans seeking to rent housing are a group of persons, denial of the right to rent housing is a cognizable injury, and part of the relevant subchapter of the Fair Housing Act protects against discrimination based on race when renting or attempting to rent a dwelling.  42 U.S.C. § 3604.  Thus, the Government has stated a claim on which relief may be granted.

**Rule 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) permits defendants to move for dismissal for failure to join a necessary party under Rule 19. Rule 19(1) provides that a person must be joined as a party if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

St. Bernard Parish argues that the Government must join aggrieved persons "who have or may claim an interest relating to the subject of this action" in order to prevent the Parish from incurring double, multiple, or otherwise inconsistent obligations. (Rec.Doc. 20-1 at 16). The Parish specifically requests that the Government join persons who have asserted HUD complaints and filed a separate lawsuit in this Court (Civil Action No. 12-0322). (Rec.Doc. 20-1 at 17).

Again, the Parish's argument falls short. First, the above-mentioned persons are not the only potentially aggrieved parties, nor are they African-Americans seeking to rent housing, the group of people that the Government most often cites as aggrieved in its Complaint. Joining the parties named above would not result in a joinder of all parties who are potentially aggrieved by St. Bernard Parish's actions, and it would not prevent "double" liability because the relief requested in each action is for separate offenses. Moreover, the FHA specifically provides for aggrieved parties to intervene in a 3614

action if they choose,[3] and also provides for enforcement by private parties in 3613. 42 §U.S.C. 3613, 3614.  The plain language of the statute provides two separate mechanisms for aggrieved persons to seek relief under the Fair Housing Act, and does not require that these persons, identified by the Parish or otherwise, be joined when the Attorney General seeks to enforce the Act.  Thus, any "aggrieved persons" – identified by the Parish or otherwise – are not necessary parties to this §3614 action and need not be joined under Rule 19.

### III.  Conclusion

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by St. Bernard Parish is DENIED.  (Rec. Doc. 20).

New Orleans, Louisiana, this 26th day of July, 2012

_____

**HELEN G. BERRIGAN**

**UNITED STATES DISTRICT JUDGE**

---

[3]"Upon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection (a) or (b) of this section which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person or a conciliation agreement to which such person is a party.  The court may grant such appropriate relief to any such intervening party as is authorized to be granted to a plaintiff in a civil action under section 3613 of this title." 42 U.S.C. §3614 (e).