UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION |
| VERSUS | NO. 12-321 c/w 12-322 & 12-325<br>Pertains to: 12-321 |
| ST. BERNARD PARISH | SECTION "C" (1) |

ORDER & REASONS

This matter comes before the Court on defendant St. Bernard Parish's Motion to Extend Discovery Deadline for Limited Purposes. Rec. Doc. 135.  Defendant asks the Court to extend the discovery deadline in 12-321. Having considered the record, the memoranda of counsel and the law, the Court DENIES the motion for the following reasons.

Rule 16 of the Federal Rules of Civil Procedure states that a schedule may be modified only for good cause. FED.R.CIV.P. 16(b)(4). Here, the defendant has not demonstrated good cause.  St. Bernard Parish did not show diligence in failing to depose witnesses during the seven months it had available for discovery. Rec. Doc. 146, p. 8.  Defendant has not made the requisite demonstration that the discovery deadline could not be met despite the diligence of the party needing the extension. *Marathon Financial Ins., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  The original Scheduling Order in this case, which set the deadline for discovery at December 31, 2012, was issued on May 24, 2012. Rec. Doc. 18.  The United States gave the defendant notice of its subpoenaed persons on May 10, 2012 and November 30, 2012. Rec. Doc.

146, p. 7 (quoting Rec. Doc. 123). However, defendant did not attempt to notice the depositions at issue here until December 13, 2012. Rec. Doc. 135, p. 2. St. Bernard Parish provides no explanation for its lack of diligence in seeking discovery. *Torres v. Liberto Mfg. Co., Inc.*, 67 Fed. App'x 252, 2003 WL 21195924 (5th Cir. 2003) (finding no error in the denial of an extension for discovery where the movant offered no explanation for "why she waited so long to schedule the depositions or why they were scheduled at the very end of the discovery period"); *see also Evans v. IBM Corp.*, 183 Fed. App'x 430, 2006 WL 1489781 (5th Cir. 2006); *Hartley v. Vallien*, 54 Fed. App'x 793, 2002 WL 31845164 (5th Cir. 2002).

St. Bernard Parish claims it will be "highly prejudiced" if it is unable to take the deposition of former Parish President, Craig Taffaro. Rec. Doc. 135, p. 4. While St. Bernard Parish claims it was noticed in response to the United States' Third Supplemental Initial Rule 26(a)(1) Disclosures which identified Craig Taffaro as a potential witness, the Parish has long known and had notice that Taffaro was a central figure in this case. *Id.* This is evidenced by the fact that his deposition was previously noticed by plaintiffs before being withdrawn and by the lawsuit brought by Taffaro. *Id.* Additionally, St. Bernard Parish claims it will be harmed if it is not allowed to conduct discovery related to economic damages suffered by the aggrieved parties. *Id.* It certainly had notice to conduct this discovery well before the 13th of December. The opposing party rather than the Parish will be the party that is prejudiced if St. Bernard Parish is allowed to disregard discovery deadlines that have now passed.

St. Bernard Parish cites to the Court's recent granting of the Joint Motion to Continue and issuance of a new Scheduling Order, Rec. Doc. 133, to argue that discovery should be

extended in case number 12-321, as it was in cases numbered 12-322 and 12-325. The parties consented to extension of the discovery deadline in cases 12-322 and 12-325 when they submitted the joint motion. Rec. Doc. 131. They could have taken this opportunity to make the same request for case number 12-321, but they specifically did not do that. Additionally, cases 12-322 and 12-325 were only consolidated with 12-321 and put under the original scheduling order in 12-321 on October 17, 2012. Their situation is manifestly different from the situation in case number 12-321.

Accordingly,

The Motion to Extend Discovery Deadline for Limited Purposes is DENIED. Rec. Doc. 135.

New Orleans, LA, this 16th day of January, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE