# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-321**<br>*Combined with NO. 12-322*<br>*& NO. 12-325*<br>*Pertains to all cases* |
| **ST. BERNARD PARISH, ET AL** | **SECTION "C" (1)** |

## ORDER AND REASONS

Before the Court is plaintiffs' motion to exclude defendant's proposed expert witnesses Steven Cowan and Andrew J. Marshall, Jr. Rec. Doc. 174. Defendants do not oppose the motion. Having considered the record, the memoranda of counsel and the law, the Court GRANTS the motion for the following reasons.

## I. BACKGROUND

Plaintiffs filed these cases alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3631, and of 42 U.S.C. §§ 1981 and 1982, against St. Bernard Parish. The United States brought suit against St. Bernard Parish on January 31, 2012 in case number 12-321. On the same day, Plaintiffs Greater New Orleans Fair Housing Action Center ("GNOFHAC"), Kiana Alexander, Nancy Bain, Cody Belitz, George Dubois, Carolyn Harris, Patricia Hendrix, David Jarrell, Al Neep, and Tonya Neep brought case number 12-322 against St. Bernard Parish, St. Bernard Parish Council, St. Bernard Parish Planning Commission, Craig Taffaro and several other defendants that have since been terminated from the case. Case

number 12-325 was also brought on the same day by NOLA Capital Group, LLC.  St. Bernard Parish and St. Bernard Parish Council are the remaining defendants in that case.

In the aftermath of Hurricanes Katrina and Rita in 2005, there was widespread flooding in St. Bernard Parish.  Plaintiffs contend that in response to the destruction and displacement caused by the hurricanes, St. Bernard Parish undertook to preserve its pre-hurricane demographics by enacting a series of zoning laws to block the availability of rental and multi-family housing. Case no. 12-325, Rec. Doc. 1 at 2.  Plaintiffs claim that the intent and effect of these zoning laws was to prevent African-Americans and other minorities from re-settling in St. Bernard Parish. *Id.*  This Court previously considered similar litigation alleging that St. Bernard Parish enacted zoning laws that constituted discriminatory housing practices in case number 06-7185 and others.  In that case number 06-7185, plaintiffs moved to enjoin an ordinance known as the "blood relative ordinance," which prohibited persons from renting, leasing, loaning, or otherwise allowing occupancy or use of any single-family residence other than by family members related by blood, without first obtaining a Permissive Use Permit from the St. Bernard Parish Council. Case no. 06-7185, Rec. Doc. 1.  The parties to case number 06-7185 entered a Consent Order in this Court in February 2008. *Id.* Rec. Doc. 114.  Pursuant to that order, St. Bernard Parish rescinded the blood relative ordinance and are permanently enjoined from re-enacting it.

The present cases concern Ordinance #697-12-06, which was enacted December 19, 2006 and took effect on January 4, 2007. Case no. 12-325, Rec. Doc. 1 at 8; Case no. 12-322, Rec. Doc. 14 at 13.  The ordinance allegedly replaced the blood relative restriction and the conditional use permit requirement with a new requirement that prohibited homeowners from renting out

single-family residences located in zone R-1 without first obtaining a permissive use permit ("PUP") from St. Bernard Parish Council. Plaintiffs contend that enactment and the subsequent enforcement of the PUP ordinance was intended to deny rental housing opportunities to African-Americans. Case no. 12-321, Rec. Doc. 1, Case no. 12-322, Rec. Doc. 14, Case no. 12-325, Rec. Doc. 1. Defendants maintain that the ordinance was not part of any pattern or practice of discriminatory conduct ever in place. Case no. 12-321, Rec. Doc. 28 at 3. Defendants argue that because St. Bernard Parish suffered catastrophic damage in the wake of Hurricanes Katrina and Rita, unprecedented post-hurricane recovery planning and execution was required to rebuild their community. *Id.* at 2.

Plaintiffs move to exclude the expert witnesses Steven Cowan and Andrew J. Marshall, Jr. alleging defendants did not provide plaintiffs with the disclosures required by Rule 26(a)(2)(c) of the Federal Rules of Civil Procedure, and untimely disclosed Mr. Marshall. Rec. Doc. 174.

## II. LAW AND ANALYSIS

The Federal Rules of Civil Procedure determine the steps that must be followed in order to admit a witness to testify at trial. Under Rule 26(a)(2)(A), a party must "disclose to the other parties the identity of any witness it may use at trial to present [expert testimony] under Federal Rule of Evidence 702." The Fifth Circuit has interpreted this disclosure rule to apply to all expert witnesses. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). Unless otherwise stipulated or ordered by the court, the disclosure "must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee

regularly involve giving expert testimony." FED.R.CIV.P. 26(a)(2)(B).  It is within the Court's discretion to admit or exclude expert testimony. *Rosado v. Deters*, 5 F.3d 119, 124 (5th Cir. 1993).

     Plaintiffs assert that Mr. Cowan and Mr. Marshall must be excluded because defendants did not meet the requirements for expert witnesses. Rec. Doc. 174 at 4.  Counsel for the parties were required to file into the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial by November 30, 2012. Rec. Doc. 18.  The Court explained in its Scheduling Order that it "will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown." *Id.* at 2.  St. Bernard Parish timely filed its witness list on November 30, 2012.  Rec. Doc. 80.  Neither Mr. Marshall nor Mr. Cowan is listed as an expert witness. *Id.*  In fact, neither individual is listed as a witness at all. *Id.*  Defendants have not demonstrated why the failure to identify either individual as a witness was substantially justified or harmless in accordance with Rule 37(c) of the Federal Rules of Civil Procedure.

     Under an extension of the Scheduling Order in these consolidated cases, defendants were required to serve their expert disclosures by December 14, 2012. Rec. Doc. 55.  Plaintiffs admit that Mr. Cowan was disclosed by defendants before this date, but allege that Mr. Marshall was not disclosed until January 11, 2013. Rec. Doc. 174 at 7.  Even if Mr. Marshall had been on the witness list, he would not be able to serve as an expert because his disclosure was made after the deadline.  His exclusion is appropriate. *Buxton v. Lil' Drug Store Products, Inc.*, No.

2:02CV178KS-MTP, 2007 WL 2254492 (S.D. Miss. Aug. 1, 2007) *aff'd sub nom. Buxton v. Lil' Drug Store Products Inc.*, 294 F. App'x 92 (5th Cir. 2008).

If either Mr. Cowan or Mr. Marshall had been listed as an expert witness, their failure to submit expert reports would have been limited by the rule that plaintiffs allege they fall under: that an expert is only exempted from including a written report with their disclosure if they were not "retained or specially employed to provide expert testimony," or "unless otherwise stipulated or ordered by the court." FED.R.CIV.P. 26(a)(2)(B) & (c). Defendants have not contested plaintiffs' allegations that Mr. Marshall and Mr. Cowan would be "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee [would] regularly involve giving expert testimony." *Id.* Therefore, Mr. Cowan and Mr. Marshall are also appropriately excluded as experts because they did not provide expert reports.

Accordingly,

IT IS ORDERED that plaintiffs' motion to exclude defendant's proposed expert witnesses Steve Cowan and Andrew J. Marshall, Jr. is GRANTED.

New Orleans, LA, this 5th day of April, 2013.

HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE