UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION |
| VERSUS | NO. 12-321<br>*Combined with NO. 12-322*<br>*& NO. 12-325*<br>*Pertains to all cases* |
| ST. BERNARD PARISH, ET AL | SECTION "C" (1) |

## ORDER AND REASONS

Before the Court is a joint motion in limine to exclude evidence that the Parish's actions were mandated by a court. Rec. Doc. 234. Defendants oppose this motion. Rec. Doc. 249. Having considered the record, the memoranda of counsel and the law, the Court GRANTS the motion for the following reasons.

## I. BACKGROUND

The United States and plaintiffs (collectively, "plaintiffs") filed these cases alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3631, and of 42 U.S.C. §§ 1981 and 1982, against St. Bernard Parish ("St. Bernard" or "the Parish"). The United States brought suit against St. Bernard Parish on January 31, 2012 in case number 12-321. On the same day, Plaintiffs Greater New Orleans Fair Housing Action Center ("GNOFHAC"), Kiana Alexander, Nancy Bain, Cody Belitz, George Dubois, Carolyn Harris, Patricia Hendrix, David Jarrell, Al Neep, and Tonya Neep brought case number 12-322 against

1

St. Bernard Parish, St. Bernard Parish Council, St. Bernard Parish Planning Commission, Craig Taffaro and several other defendants that have since been terminated from the case.  Case number 12-325 was also brought on the same day by NOLA Capital Group, LLC.  St. Bernard Parish and St. Bernard Parish Council are the remaining defendants in that case.

In the aftermath of Hurricanes Katrina and Rita in 2005, there was widespread flooding in St. Bernard Parish.  Plaintiffs contend that in response to the destruction and displacement caused by the hurricanes, St. Bernard Parish undertook to preserve its pre-hurricane demographics by enacting a series of zoning laws to block the availability of rental and multi-family housing. Case no. 12-325, Rec. Doc. 1 at 2.  Plaintiffs claim that the intent and effect of these zoning laws was to prevent African Americans and other minorities from re-settling in St. Bernard Parish. *Id.*  This Court previously considered similar litigation alleging that St. Bernard Parish enacted zoning laws that constituted discriminatory housing practices in case number 06-7185 and others.  In that case, number 06-7185, plaintiffs moved to enjoin an ordinance known as the "blood relative ordinance," which prohibited persons from renting, leasing, loaning, or otherwise allowing occupancy or use of any single-family residence other than by family members related by blood, without first obtaining a special permit from the St. Bernard Parish Council. Case no. 06-7185, Rec. Doc. 1.  The parties to case number 06-7185 entered a Consent Order in this Court in February 2008. *Id.* Rec. Doc. 114.  Pursuant to that order, St. Bernard Parish rescinded the blood relative ordinance and are permanently enjoined from re-enacting it.

The present cases concern Ordinance #697-12-06, which was enacted December 19, 2006

and took effect on January 4, 2007. Case no. 12-325, Rec. Doc. 1 at 8; Case no. 12-322, Rec. Doc. 14 at 13.  The ordinance allegedly replaced the blood relative restriction and the conditional use permit requirement with a new requirement that prohibited homeowners from renting out single-family residences located in zone R-1 without first obtaining a Permissive Use Permit ("PUP") from St. Bernard Parish Council.  Plaintiffs contend that the enactment and the subsequent enforcement of the PUP ordinance was intended to deny rental housing opportunities to African Americans. Case no. 12-321, Rec. Doc. 1, Case no. 12-322, Rec. Doc. 14, Case no. 12-325, Rec. Doc. 1.  Defendants maintain that the ordinance was not part of any pattern or practice of discriminatory conduct ever in place. Case no. 12-321, Rec. Doc. 28 at 3.  Defendants argue that because St. Bernard Parish suffered catastrophic damage in the wake of Hurricanes Katrina and Rita, unprecedented post-hurricane recovery planning and execution was required to rebuild their community. *Id.* at 2.

The Parish issued criteria governing the new PUP approval process for single-family rentals in August 2007. Case no. 12-321, Rec. Doc. 1.  The criteria included, among other requirements, payment of a $250 application fee and that there be no more than two PUPs per five-hundred linear feet of frontage for contiguous single-family dwellings. *Id.*  The St. Bernard Parish Council rescinded the PUP ordinance on April 5, 2011. *Id.*

## II. LAW AND ANALYSIS

Federal Rule of Evidence 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED.R.EVID. 403.  For evidence to be excluded before trial, it must be so highly prejudicial to the moving party that the danger of unfair prejudice outweighs its probative value. *United States v. Beechum*, 582 F.2d 898, 913 (5th Cir. 1978); *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (purpose of motion in limine is to exclude evidence that may be so highly prejudicial that it cannot be overcome if introduced to the jury).  Relevant evidence may be excluded, if its probative value is substantially outweighed by the danger of unfair prejudice. *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1154 (5th Cir. 1981)*; Hamilton v. Ochsner Health Systems, Inc.*, 12-1398, 2012 WL 6738764, at *4 (E.D. La. Dec. 28, 2012).  While relevant evidence is admissible under Rule 401 of the Federal Rules of Evidence, Rule 402 states that irrelevant evidence is inadmissible. FED.R.EVID. 401 & 402.

    Plaintiffs ask this court to preclude the defendants from claiming Parish officials believed that they were required by a federal court to adopt and enforce the PUP Ordinance. Rec. Doc. 234. Plaintiffs contend that during discovery witnesses for St. Bernard repeatedly attempted to justify the Parish's enactment and enforcement of the PUP ordinance by reference to an unspecified federal court decree. *Id.*, 4.  Plaintiffs also explain that the Parish admitted in discovery that there was no court order ever requiring the Parish to enact the PUP ordinance or the criteria used to implement it. *Id.*, 5 (plaintiffs site to St. Bernard Parish's Responses to Plaintiff's Second Set of Requests for Production to all Defendants at 2 (Jan. 23, 2013), but do

not provide it as an exhibit to the motion). Plaintiffs claim the evidence should be excluded because it is irrelevant and its probative value is substantially outweighed by its danger to cause unfair prejudice, confuse the issues, or misleading the jury. *Id.*, 6.

The defendants argue that the motion should be denied because, even though they concede that there was no order from the court mandating the actions of the Council to pass the PUP ordinance or the use of the criteria to enforce it, "there was a belief on the part of the council members and/or employees that there was an order." Rec. Doc. 249, 3. This argument is not logically sound: the PUP ordinance was enacted before the Consent Decree was issued on February 28, 2008, Case no. 06-7185, Rec. Doc. 114. The ordinance was enacted on December 19, 2006 and the criteria were issued in August 2007. That is before the Consent Decree had issued. Defendants may be claiming that Magistrate Judge Shushan looked at the criteria during the court proceedings that came before the Consent Decree in case number 06-7185. Rec. Doc. 249, 2. They do not provide a specific date, but they state that counsel for the plaintiffs in *Rodrigue* asked to see the criteria and then provided a response, which was forwarded to Magistrate Judge Shushan. Rec. Doc. 249. Whether or not Magistrate Judge Shushan knew about the criteria, neither she nor this court approved the criteria. If Council Members now believe they were acting in the past based on a court order, they are mis-remembering because the timeline does not make sense.

Plaintiffs cite to *Streber v. Hunter*, 221 F.3d 701 (5th Cir. 2000), to demonstrate an instance where the district court excluded evidence based on Rule 403. Rec. Doc. 234, 9. In

*Streber*, the district court excluded evidence that a tax court judge had previously found sisters Terry and Tracy incredible. *Id.* at 738. The district court excluded this opinion because it felt the opinion would confuse and/or mislead the jury. The court of appeals agreed. The court of appeals concluded: "The district court was understandably wary that the jury would find the tax court to have some particular expertise in judging credibility, and that the opinion would mislead the jury into finding Terry incredible in this case." *Id.* It also affirmed the district court's decision not to admit the evidence, so that it could exclude the Tax Court's previous opinion. *Id.* at 739.

Defendants claim that *Streber* is not instructive to the present case because it dealt with an order from a court which could be interpreted as having some expertise in determining credibility whereas in the present case there is no order from the Court. Rec. Doc. 249, 4. While it is true that in the present case there was no order that the Council Members could have relied upon, the risk of confusing the jury on this issue is very high. The past litigation and the issuance of the Consent Order involved complicated proceedings. Just as the court in *Streber* did not wish to explain the previous proceedings to the jury, this Court finds that it would be too confusing and potentially prejudicial to explain the past proceedings in detail. While the Court does not exclude any mention of the prior proceedings, it will not here allow an issue to come in that could only properly be explained by relying on those proceedings. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1753 (evidence of prior litigation not automatically excluded under Rule 403). The fact that there was no actual order and that the timeline for the Council Member's reliance on an order, or Magistrate Judge Shushan viewing a response to the criteria,

does not make sense make the evidence less relevant and therefore weighs heavily in favor of excluding this evidence. The court does not exclude evidence that shows that members of the St. Bernard Parish Council had a legitimate, non-discriminatory reason for enacting the PUP ordinance and adopting the PUP criteria, as the defendants claim. Rec. Doc. 249, 3.  The Court will allow that.  It will not, however, allow inaccurate evidence that has the tendency to confuse the jury to be admitted.  There is a risk of prejudice if the jury draws improper conclusions about the Court's previous decree, or lawsuit, and the probative value of evidence that has already been demonstrated to be incorrect is minimal.

    Accordingly,

    IT IS ORDERED that the Joint Motion in Limine to Exclude Evidence that Parish's Actions were Mandated by Court is GRANTED. Rec. Doc. 234.

    New Orleans, Louisiana, this 22nd day of April, 2013.

                                        JUDGE HELEN G. BERRIGAN
                                        U.S. DISTRICT COURT