UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION |
| VERSUS | NO. 12-321 & Consol. Cases |
| | *Pertains to all cases* |
| ST. BERNARD PARISH, *ET AL* | SECTION "C" (1) |

## ORDER AND REASONS

IT IS ORDERED that:

1. Defendant's motion in limine to preclude presentation of all claims and evidence relating to the consequences of implementing and applying the PUP Ordinance as to Patricia Quach and Okechukwu Okafor, and to prohibit plaintiffs from introducing or referencing any evidence or testimony during argument, voir dire or otherwise in the presence of the jury, regarding these two individuals, or any damages suffered by them is DENIED. Rec. Doc. 274.  The Court has already ruled that the United States, who brings claims which regard these two individuals as aggrieved persons under 42 U.S.C. §3614, is not in privity with the private individuals who were litigants in *Baker et al v. St. Bernard Parish Council*, No. 08-1303, 2008 WL 4681373 (E.D. La. Oct. 21, 2008). Rec. Doc. 27 at 6. Therefore, the doctrine of *res judicata* is not applicable. *See Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007), *citing Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2004).  Since these claims are not precluded, the evidence related to these individuals and their testimony shall not be excluded under Rule 403. FED.R.EVID. 403.

2. Defendant's motion in limine to exclude evidence of NOLA Capital's alleged damages requiring economic expert testimony is DENIED. Rec. Doc. 281.  The Court finds that the damages calculations do not create the need for an expert the way the calculations did in *In re: River Oaks Furniture, Inc.*, 276 B.R. 501 (2000). Additionally, the events beyond St. Bernard's control, which the defendant mentions on page 4 of its motion, go to the weight of the evidence, not its authenticity.

3. Defendants' motion in limine to exclude evidence and testimony of lost or missing records or computer data is DENIED. Rec. Doc. 276.  In denying plaintiffs' motion for a missing evidence instruction, the Court ruled: "the United States is free to call the relevant witnesses to demonstrate that arguably relevant evidence was lost and can certainly argue that it was done in bad faith.  The jury can then draw its own conclusions regarding the missing evidence." Rec. Doc. 253 at 6.  While the Court mentioned only testimony in its past order, it shall also apply the same principle to relevant evidence. Plaintiffs argue that exhibit 228 is relevant to the destruction of evidence related to this case.  It appears to be a record of a regularly conducted activity, and it is admissible. FED.R.EVID. 803(6).  Exhibit 254 is admissible.  Exhibit 257 is admissible as a statement of an opposing party, and therefore is admissible. FED.R.EVID. 801(d)(2). Exhibit 294 is also a record of a regularly conducted activity, and is admissible. FED.R.EVID. 803(6).  The offering party must lay a foundation for the admission of each document.

4. Defendants' motion in limine to exclude forwarded emails is GRANTED in PART and

DENIED in PART. Rec. Doc. 275.  Defendants state in the motion that the emails are being provided to the Court as exhibits to this motion under seal.  The exhibits were instead provided to the Court in the bench books.  The business records exception does not render admissible all emails found on defendant's computer server. *In re: Oil Spill by the Oil Rig DEEPWATER HORIZON*, MDL No. 22179, 2012 WL 85447, at*3 (E.D. La. Jan. 11, 2012).  However, plaintiffs argue that the emails are admissible because: (1) the emails are not offered for the truth of the matter asserted; (2) are relevant to plaintiffs' disparate treatment claims; and (3) the probative value outweighs any potential prejudice.  The Court finds that some of the emails are not relevant. FED.R.EVID. 401.  The emails in exhibits 264-66, 268, 270, 287, 445 and 449 are excluded as irrelevant. *Id.*  Emails that were sent or forwarded by St. Bernard employees are relevant. FED.R.EVID. 401.  Emails merely received by St. Bernard Parish employees shall not be admissible.  Exhibit 236 is admissible because it was sent by the St. Bernard Parish Deputy Clerk of Council.  Emails forwarded by Addison Thompson are admissible because he was a St. Bernard Parish employee, and his emails are particularly relevant because he played a central role in the enforcement of the PUP Ordinance and its implementing criteria. Rec. Doc. 295 at 3.  Therefore, exhibits 262, 267, 269, 288, 444, 446, 447 and 448 are admissible.  Exhibit 263 is also admissible because it was forwarded by Mary Chimento, the head of Community Development, to Mr. Graves and then Mr. Dauterive, both of whom played central roles in PUP Ordinance decisions, and the subject of the email is rental housing.  Rec. Doc. 295 at 8.  The Court finds that while the emails have a potential to prejudice the jury, their probative value outweighs that prejudice.  Additionally, the emails are not

3

      hearsay because, while they include statements, they are not offered for the truth of the matter asserted. FED.R.EVID. 801.

5. The United States' motion in limine to exclude evidence of criminal convictions is GRANTED. Rec. Doc. 277.  The danger of unfair prejudice is substantially greater than the probative value of the evidence. FED.R.EVID. 403.

6. Plaintiff Cody Belitz's motion to exclude evidence or testimony relating to his acquisition of a road home property and assertion of Fifth Amendment rights is GRANTED. FED.R.EVID. 401 & 403. Rec. Doc. 261.  The propriety of the means of transfer of the 3424 Hazel Drive property from Cody Belitz to NOLA Capital Group is not a question for the jury in this case.  Therefore, the Court will not admit evidence related to Belitz's acquisition of 3424 Hazel Drive.  The Court shall also exclude evidence of Belitz's invocation of the Fifth Amendment.  However, the Court shall not exclude all evidence related to Road Home grants, or covenants that run with Road Home properties.

7. Plaintiffs' joint motion in limine to exclude evidence of any restrictive covenants associated with the Louisiana Road Home Program or the Lexington Place Civic Corporation is DENIED. Rec. Doc. 279.  The covenants are especially relevant to the calculation of damages. FED.R.EVID. 402.

8. Plaintiffs' motion to strike Steve Cowan, Andrew Marshall, Tyrone Ben and Gene Lemoine from defendant's witness list and to prohibit such individuals from testifying is GRANTED in PART and DENIED in PART. Rec. Doc. 264.  Defendants have not shown why their failure to identify Ben was substantially justified or harmless, and therefore he is prohibited from testifying. FED.R.CIV.P. 37(c).  Lemoine may testify as a

representative of Lexington Place Civic Corporation to authenticate certain exhibits because failure to identify Lemoine by name was harmless. *Id.*  Cowan or Marshall (but not both) may testify as to the number of sales and rentals in St. Bernard Parish during the PUP period but only if drawn from sources the plaintiffs likewise consider reliable. The parties are instructed to make that determination prior to trial.  Neither may testify as to the comparable properties Rick Murphy used in formulating his opinion.

9. Plaintiff's motion in limine to exclude settlement evidence from prior case is GRANTED. Rec. Doc. 262.  The evidence is not relevant and would confuse and mislead the jury. FED.R.EVID. 402 & 403.  Having read the memoranda of both parties in response to the Court's request for briefing regarding settlement evidence and GNOFHAC's alleged monitoring of the PUP application process in Rec. Docs. 271 and 272, the Court takes this opportunity, to reaffirm its prior ruling to exclude evidence that the Parish's actions were mandated by a court. Rec. Doc. 254.  As stated in Rec. Doc. 254, the Court does not exclude any mention of the prior proceedings.  It also does not exclude the Consent Order for purposes other than to argue that the Parish's actions were mandated by a court. New Orleans, Louisiana, this 6th day of May, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE